IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN TAYLOR, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 16-cv-09418 |
| v. ) | |
| ) | |
| CAVALRY SPV I, LLC, CAVALRY ) | |
| PORTFOLIO SERVICES, LLC, and ) | |
| LAW OFFICE OF KEITH S. SHINDLER, ) | |
| LTD., d/b/a SHINDLER & JOYCE, ) | |
| ) | Jury Demanded |
| DEFENDANTS. ) | |

## COMPLAINT

Plaintiff, Kathleen Taylor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations,

and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5.      Plaintiff, Kathleen Taylor ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Springleaf Financial Services of Illinois, Inc. consumer loan account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.      Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, #400, Valhalla, NY, 10595-1340. It does or transacts business in Illinois. Its registered agent and office are C T Corporation System, 208 South LaSalle St, Suite 814 (Exhibit A, Record from Illinois Secretary of State).

7.      Defendant Cavalry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Defendant Cavalry holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9.      Defendant Cavalry regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

10.     Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company with its principal place of business at 4050 East Cotton Center, Building 2, Suite 20, Phoenix, Arizona 85040. CPS does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60605. (Exhibit C, Record from Illinois Secretary of State).

11. Defendant CPS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts on behalf of Cavalry SPV I, LLC.

12. Defendant CPS holds a collection agency license from the State of Illinois. (Exhibit D, Record from the Illinois Department of Financial & Professional Regulation).

13. Defendant CPS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant Law Office of Keith S. Shindler, Ltd., d/b/a Shindler & Joyce, ("Shindler") is a law firm organized as an Illinois corporation with its principal place of business at 1990 E. Algonquin Road, Schaumburg, Illinois 60173. Shindler does or transacts business in Illinois. Its registered agent and office is Keith Shindler, 1990 E. Algonquin Road, Suite 180, Schaumburg, Illinois 60173. (Exhibit E, Record from Illinois Secretary of State).

15. Defendant Shindler is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16. Defendant Shindler regularly collects or attempts to collect defaulted consumer debts, namely by filing collection lawsuits on behalf of Cavalry, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

17. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for Springleaf Financial Services of Illinois, Inc. consumer loan account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

18. Due to her financial circumstances, Plaintiff could not pay the alleged debt and it went into default.

19. Cavalry subsequently purchased the alleged debt.

20. Cavalry assigned the alleged debt to CPS for collection.

21. In response to collection activity by Defendants, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on August 26, 2016, sent a letter to Cavalry, via its servicer, CPS, informing it of Plaintiff's representation by counsel, and that Plaintiff did not believe the amount reported on her credit report was accurate. (Exhibit F, Representation Letter).

22. CPS received Plaintiff's letter on August 26, 2016.

23. Plaintiff's letter stated, in part, that the amount reported is not accurate.

24. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

25. On or about July 22, 2016, Shindler, on behalf of Cavalry, filed a lawsuit against Plaintiff in the Circuit Court of Cook County, First Municipal District, styled *Cavalry SPV I, LLC, as assignee of Springleaf Financial Services of Illinois, Inc. vs. Kathleen F. Taylor*, Case No. 16-M1-117135 ("State Action"). (Exhibit G, Small Claims Complaint).

26. The State Action complaint states that the Amount Claimed is $5,986.66 plus court costs.

27. The State Action complaint states that there is a balance due in the amount of $5,636.66.

28. The State Action complaint also states that "[u]nder the terms of the Note, Plaintiff is entitled to reasonable attorney fees: Plaintiff is requesting an amount no less than $350.00."

29. Under the "Note," attached to the State Action complaint, Plaintiff agreed, "[i]n the event of default . . . to pay Lender's (a) court costs, (b) reasonable attorney's fees, and (c) costs to realize on any security interest, each if and to the extent permitted by applicable law."

30. Upon information and belief, Cavalry had not yet incurred any attorney fees at the time the State Action complaint was filed.

31. Upon information and belief, Cavalry had not paid any attorney fees to Shindler at the time the State Action complaint was filed.

32. In the State Action, Shindler would have been paid attorney fees only if attorney fees were deemed reasonable and awarded to Cavalry, and thereafter recovered from Plaintiff, as Shindler is retained on a contingency by Cavalry.

33. No attorney fees had been awarded to Cavalry at the time the State Action complaint was filed.

34. In fact, to date, no attorney fees are due from Plaintiff because no attorney fees have been awarded by the Circuit Court of Cook County in the State Action.

35. Furthermore, Defendant Cavalry is not entitled to any attorney fees as the Note upon which it relies does not apply to Cavalry, or to the purported original creditor, Springleaf Financial.

36. Cavalry and Shindler had no right to seek attorney's fees from Plaintiff.

37. Shindler's statement that "Under the Terms of the Note, Plaintiff is entitled to reasonable attorney fees" is a false statement.

38. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general**

> **application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

39. Defendants used unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when they attempted to collect attorney fees on the alleged debt that had not been awarded by the State Action court, and which were not permitted by law or the agreement creating the alleged debt.

40. On or about August 30, 2016, CPS communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, the identity of the original creditor, and a balance. (Exhibit H, Excerpt of Plaintiff's TransUnion credit report).

41. CPS communicated a balance of $5,637.

42. CPS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt on August 30, 2016.

43. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

44. Defendants materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

45. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

46. 15 U.S.C. § 1692e of the FDCPA provides as follows:

   **False or misleading representations**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

47. On August 30, 2016 CPS knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified CPS of that dispute by letter on August 26, 2016.

48. Even though CPS knew or should have known, prior to August 30, 2016 that Plaintiff disputed owing the alleged debt, CPS failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when CPS communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

49. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff re-alleges above paragraphs as set forth fully in this count.

51. Defendants used unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when they attempted to collect attorney fees on the alleged debt that had not been awarded by the State Action court, and which were not permitted by law or the agreement creating the alleged debt.

52. Defendants failed to communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when Defendants communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8), despite having knowledge of Plaintiff's dispute.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Statutory damages from Defendant Cavalry pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Statutory damages from Defendant CPS pursuant to 15 U.S.C. §1692k(a)(2);

    C.    Statutory damages from Defendant Shindler pursuant to 15 U.S.C. § 1692k(a)(2);

    D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    E.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
celethachatman@woodfinkothompson.com